### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION


**WILLIAM EDWARDS,**

     **Plaintiff,**

**vs.**                                                      **CASE NO. 1:06CV212-MP/AK**

**STATE OF FLORIDA, et al,**

     **Defendants.**

_____/


### REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that he was not allowed to present expert testimony at his criminal trial as to his diminished mental capacity.  (Doc. 1).  Plaintiff claims that the State of Florida allows the use of this defense in relation to other types of crimes and this discriminatory application violates the Constitution.

Plaintiff seeks declaratory and injunctive relief "to be applied prospectively." Defendants have filed a Special Report, which has been construed as a Motion for Summary Judgment (doc. 29), and although Plaintiff was advised of his rights and obligations in responding to the motion, (doc. 28), he has not.

**I.      Standard of Review**

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an

essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc.,
373 F.3d 1151, 1154 (11th Cr. 2004), citing Celotex Corporation v. Catrett, 477 U.S. 317,
322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-
moving party before the Court determines the legal question of whether the defendant is
entitled to judgment as a matter of law under that version of the facts. Durruthy v.
Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299
(11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material
demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff
must show more than the existence of a "metaphysical doubt" regarding the material
facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S.
574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is
insufficient. There must be such evidence that a jury could reasonably return a verdict
for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242,
251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be
considered genuine, they must have a real basis in the record." Mize v. Jefferson City
Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by
his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on
file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v.
Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998), quoting
Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The
nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**II.     Defendants' Rule 56(e) evidence (doc. 29)**

a)      Inmate Population Detail

Plaintiff was convicted in 1996 for first degree murder and sentenced to life imprisonment.

b)      Motion for Post Conviction Relief

Filed in July of 2001, Plaintiff asserted the following grounds for relief:

1) Ineffective Assistance of counsel

2) Prosecutorial Misconduct

3) Cumulative trial errors denied fair trial

4) Cell mate testimony should not have been admitted

5) Defendant did not knowingly waive speedy trial act.

The issue regarding diminished capacity testimony was not raised. The motion was denied on the merits by the Circuit Court of the Sixth Judicial Circuit for Pasco County, Florida, on July 3, 2003. Plaintiff appealed this decision and it was denied.

**No. 1:06cv212-MP/AK**

## V.   Analysis

### a)   Eleventh Amendment immunity

Plaintiff's suit, against a state official in his official capacity, is "no different from a suit against the State itself."  Will v. Michigan Depart. of State Police, 491 U.S. 58, 71 (1989).  Thus, the Eleventh Amendment bars suits against state employees for monetary relief in their official capacity.  Kentucky v. Graham, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); Hobbs v. E.E. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993).  However, Plaintiff seeks declaratory and injunctive relief, and the undersigned accepts his representation that he seeks prospective relief only, and thus, the Eleventh Amendment immunity is not a bar under this limited exception.  See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 102-103 (1984) (a state officer who has allegedly violated the constitutional rights of a plaintiff may be sued in his official capacity for injunctive or declaratory relief governing his future conduct, but is immune, in his official capacity, to suit for retroactive monetary relief (damages) arising out of the same conduct.).

### b)   Diminished capacity

Plaintiff seeks a declaratory judgment that the State of Florida's denial of his evidence concerning diminished capacity was unconstitutional. However, the United States Supreme Court has recently upheld a state's right to determine use of an evidentiary rule like the rule in Florida and found that the varied applications of the diminished capacity rule was not in violation of the Constitution.  Clark v. Arizona, 548 U.S. 735 (2006) (reviewing Arizona diminished capacity statute).  For explanation of the

**No. 1:06cv212-MP/AK**

use of diminished capacity in Florida state courts; see: Chestnut v. State of Florida, 538

So.2nd 820 (Fla. 1989) (supreme court distinguished evidence of incapacitating

circumstances such as intoxication, medication, epilepsy, infancy or senility, which lay

persons commonly understood, and psychiatric abnormalities which only experts would

be expected to understand); Bunney v. State, 603 So.2d 1270, 1273 n.1 (Fla. 1992)

(explaining in more detail the distinction in the holding in Chestnut); Evans v. State, 946

So.2d 1, 11 (Fla. 2006) (Florida courts continue to hold that evidence relating to a

general mental impairment as proof of diminished capacity is not admissible).

Thus, there is no merit to this claim and no relief which could be afforded him.

c)    Res Judicata

As an additional ground for dismissal, Plaintiff's claims are barred by *res judicata*.

*Res judicata* is a principle of law founded on the Constitution and codified by statute that

mandates that a federal court **must** give the same preclusive effect to a state court

judgment as would the state.  28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. 90, 96, 101

S.Ct. 411, 415-416, 66 L.Ed.2d 411 (1980); Migra v. Warren City School District, 465

U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit

bars a second suit involving the same parties or their privies based on the same

cause of action."   Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d

1514, 1518 (11th Cir. 1996), *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326

n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

If the later litigation arises from the same cause of action, *then the
judgment bars litigation not only of "every matter which was actually*

**No. 1:06cv212-MP/AK**

*offered and received to sustain the demand, but also [of] every [claim]
which might have been presented.*" *Baltimore S.S. Co. v. Phillips*, 274
U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*,
498 U.S. 959 (1990) (emphasis added); I. A. Durbin, Inc. v. Jefferson National Bank,
793 F.2d 1541, 1549 (11th Cir. 1986).

The orders denying Plaintiff's post-conviction motions were entered by a court of
competent jurisdiction and constitute a final judgment on the merits. Thus, pursuant to
the doctrine of *res judicata*, Plaintiff's claims are barred.

d)      Rooker-Feldman Doctrine

Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine, which states
that a United States District Court has no authority to review final judgements of a state
court in judicial proceedings.  Powell v. Powell, 80 F.3d 464 (11th Cir. 1996).  This
doctrine has two statutory bases: (1) 28 U.S.C. §1257, which limits federal review of
state court proceedings to the United States Supreme Court; and (2) 28 U.S.C. §1331,
which limits original jurisdiction in federal court to "civil actions arising under the
Constitution, laws or treaties of the United States." *Id.*, at 466.  The doctrine applies not
only to claims actually raised in the state court proceedings, but claims that are
"inexplicably intertwined" with the state court judgment.  *Id.*, *citing* District of Columbia
Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).

Because the state court denied Plaintiff's post-conviction motion on the merits,
and it was appealed, which was also denied,  this Court may  not "review" the state
court decision as some type of super appellate court.

**No. 1:06cv212-MP/AK**

e)   Limitations Period

Finally, Plaintiff has not asserted his claims timely.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Since the alleged illegal act is the inadmissibility of testimony at his criminal trial, which took place in May 1996, his claims should have been brought in federal court by May 2000.

Thus, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 29) be **GRANTED**, and this cause **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2); as barred by res judicata; for lack of subject matter jurisdiction; and as barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this _12th_ day of March, 2008.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:06cv212-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06cv212-MP/AK**